UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> v. <br><br> JOSE ORTEGA CORDERO, <br><br> Defendant/Petitioner | Case No. EDCV 11-0311-VAP <br> **_EDCR 01-0032-VAP_** <br><br> **ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. §2255 AND DISMISSING ACTION** |

## I. SUMMARY OF PROCEEDINGS

On February 22, 2011, Defendant filed a "Motion for Relief under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." ("Mot."). On March 9, 2011, the Government filed a Motion to Dismiss ("Gov't Mot."), accompanied by various exhibits. Defendant has filed no response to the Government's motion.

## II. BACKGROUND

On March 20, 2001, a federal grand jury in this district returned a single count indictment charging Defendant with violation of 21 U.S.C. § 841(a)(1) (distribution of methamphetamine). (Doc. No. 11, Case No. EDCR 01-32.) On October 19, 2001, Defendant pled guilty to that charge. (Doc. No. 28.) The Court sentenced him to 37 months imprisonment followed by a four-year term of supervised release, on January 8, 2002. (Doc. No. 35 (Judgment and Commitment Order, entered January 10, 2002).) Defendant did not file a direct appeal of his conviction or sentence.

On August 7, 2006, the United States Probation Office filed a Petition for Revocation of Supervised Release. (Doc. No. 39.) On November 30, 2009, the Court revoked Defendant's term of supervised release and sentenced him to a term of six months imprisonment, with no additional term of supervised release. (Doc. No. 48 (Judgment and Commitment Order).) For purposes of calculating the additional term of imprisonment, Defendant's time in custody was calculated to have begun on September 28, 2009. Id. (Judgment and Commitment Order, stating: "The defendant's term of incarceration shall be calculated from the date of September 28, 2009, for which the defendant should receive credit for time served.") Hence, he would have completed his sentence on or about

March 28, 2010. He was deported on March 29, 2010. (Gov't. Mot., Ex. 3.)

### III. DISCUSSION

Defendant asserts he is entitled to relief under section 2255 because his trial counsel rendered ineffective assistance because he failed to advise him adequately of possible adverse immigration consequences attaching to his guilty plea. (Mot. at 1-7.) The Government seeks denial of the Motion on the basis it is procedurally barred, because Defendant is no longer in custody for purposes of section 2255, and because the Motion is time-barred. (Gov't. Mot. at 2.)

**A. Defendant Is No Longer in Custody and Therefore Is not Entitled to Relief Under Section 2255**

One can only obtain relief under section 2255 if he or she is "in custody." A person is "in custody" for purposes of section 2255 if he or she is either incarcerated, or on probation or supervised release. See United States v. Monreal, 301 F.3d 1127, 1132 (9th Cir. 2002) (noting petitioner was still "in custody" because still serving term of supervised release). Here, Defendant was no longer in custody as of February 22, 2011, the date he filed this motion, as he had been released from incarceration on March 28, 2010, eleven months earlier, with no further period of supervised release to follow. Habeas relief therefore is not

available to him. Roberts v. United States, 365 F.2d 251 (9th Cir. 1966) (petitioner not entitled to habeas relief when not serving sentence to which motion for vacation directed).

**B. The Court Declines to Reach the Issue Whether the Action is Time-Barred and Subject to Denial on That Basis as Well**

Section 2255 requires that any motion for relief under that section must be filed within one year "from the date on which the conviction becomes final." 28 U.S.C. § 2255(f)(1). Defendant's conviction became final on January 20, 2002, ten days after entry of the Court's Judgment and Commitment Order. Fed. R. App. Proc. 4(b)(1)(A), 26(a). Hence, to be timely his Motion must have been filed no later than July 9, 2010; instead, it was filed more than five months after that deadline, on December 16, 2010.

Defendant claims that he is entitled to tolling of the one-year time limit. Section 2255(f)(3) provides an exception to the requirement that motions for relief be filed within one year, in cases where the defendant asserts a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

In his Motion, Defendant argues that the one-year period in which to file his section 2255 motion only began to run when the Supreme Court issued its decision in <u>Padilla v. Kentucky</u>, 130 S. Ct. 1473 (2010). In order to succeed on this theory, Defendant must establish both that <u>Padilla</u> announced a new constitutional right, and that the new right has been made retroactively applicable on collateral review. The Government argues that assuming <u>Padilla</u> creates a new constitutional rule, it should not be applied retroactively, citing an unpublished case from the Fourth Circuit, <u>United States v. Hernandez-Monreal</u>, 404 Fed. Appx. 714, 715 n.* (4th Cir. 2010). (Gov't Mot. at 10.) Given the lack of any authority from the Ninth Circuit on this issue, and the varying decisions among the district courts who have considered the question[1], however, the Court declines to

---

[1] <u>See</u> <u>United States v. Laguna</u>, No. 10 CR 342, 2011 WL 1357538, at *6 (N.D. Ill. Apr. 11, 2011); <u>United States v. Gilbert</u>, No. 2:03-cr-00349-WJM-1, 2010 WL 4134286, at *3 (D.N.J. Oct. 19, 2010) (holding that <u>Padilla</u> established a new constitutional rule that should not be applied retroactively); <u>United States v. Perez</u>, No. 8:02CR296, 2010 WL 4643033, at *2 (D. Neb. 2010 Nov. 9, 2010) (same); <u>Marroquin v. United States</u>, No. M-10-156, 2011 WL 488985, at *2 (S.D. Tex. Feb. 4, 2011) ("[A] majority of courts have found that <u>Padilla</u> is simply the application of an old rule, concluding that <u>Padilla</u>'s holding applies retroactively."); <u>see</u> <u>also</u>, <u>Luna v. United States</u>, No. 10CV1659 JLS, 2010 WL 4868062, at *4 (S.D. Cal. Nov. 23, 2010); <u>United States v. Hubenig</u>, No. 6:03-mj-040, 2010 WL 2650625, at *8 (E.D. Cal. July 1, 2010); <u>Amer v. United States</u>, No. 1:06CR118-GHD, 2011 WL 2160553, at *2 (N.D. Miss. May 31, 2011) (citing <u>Marroquin</u> for the proposition that <u>Padilla</u> applies retroactively); <u>Martin v. United States</u>, No. 09-1387, 2010 WL 3463949, at *3 (C.D. Ill. Aug. 25, 2010) (holding <u>Padilla</u> applied retroactively to plaintiff's § 2255 motion)

reach the issue, in light of its finding that Defendant is not entitled to relief as he is no longer in custody within the meaning of section 2255.

### III. CONCLUSION

The Government's Motion to dismiss is GRANTED on the basis of mootness.

Dated: June 17, 2011

VIRGINIA A. PHILLIPS
United States District Judge